IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK A. CUMMINGS,

    Plaintiff,
v.                                                  CASE NO. 1:04-cv-00430-SPM-AK

UNIVERSITY OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 12, Amended Motion to Dismiss, by University of Florida. As grounds for this motion, Defendant maintains that, as a student, Plaintiff is not afforded protection under Title VII, and thus, dismissal is appropriate. *Id*. Alternatively, the University moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). *Id*. Plaintiff has filed a document styled "Plaintiff's Motion to Dismiss 'University of Florida's Amended Motion to Dismiss Plaintiff's Complaint and Memorandum of Law,'" Doc. 14, which the Court has interpreted as a response to the University's amended motion to dismiss. Having carefully considered the matter, the Court respectfully recommends that both dismissal and a more definite statement be denied.

Defendant spends approximately six pages analyzing cases from other circuits which consider the question of whether a student can be an employee of a university. It neglected, however, to cite the on-point decision from the United States Court of Appeals for the Eleventh

Circuit which answers the question for this circuit.  In *Cuddeback v. Florida Board of Education*, 381 F.3d 1230 (11th Cir. 2004), the court used the economic realities test to determine that a graduate student research assistant was an employee for purposes of Title VII.  *Cuddeback*, 381 F.3d at 1234-35.  It is clear from the posture of *Cuddeback* (it was before the appellate court following summary judgment proceedings) and the court's analysis of the issues that the question of a student's status with a university, i.e., whether he is an employee or simply a student, is generally a question of fact and is not a matter amendable to Rule 12 dismissal.  This conclusion is supported by the fact that seven of the cases Defendant cited were determined after factual development of the case, following either a bench trial or summary judgment proceedings.  *See Board of Curators v. Horowitz*, 435 U.S. 78 (1978) (bench trial); *Piotrowski v. Barat College*, 1994 WL 595726 (N.D. Ill. Oct. 27, 1994) (summary judgment); *Ivan v. Kent State University*, 863 F. Supp. 581 (N.D. Ohio 1994) (summary judgment); *Peters v. Board of Regents*, 855 F. Supp. 364 (1994) (bench trial); *Pollack v. Rice University*, 1982 WL 296 (S.D. Tex. Mar. 29, 1982) (summary judgment); *Gupta v. New Britain General Hospital*, 687 A.2d 111 (Conn. 1996) (summary judgment); *Vasquez v. Board of Regents*, 548 So.2d 251 (1989) (summary judgment).  Indeed, in requesting dismissal of this action, Defendant itself has made several factual representations in its memorandum bearing on the question of instant Plaintiff's status that are not encompassed by the pleadings before the Court.  For example, Defendant states:

> [A]pplications for graduate assistantships were a accepted on a rolling basis until the positions were filled.  At the time the Plaintiff contacted Dr. Hernandez, there existed only two paid assistantships.  One was a joint assistantship sponsored by the Career Resource Center and by the Department of Counselor Education, and was, therefore, only open to students in the Counselor Education program.  As the Plaintiff was in the Department of Counseling Psychology, he was not eligible for

> that position. The second assistantship, funded solely by the Career Resource Center, was filled by the time the Plaintiff contacted them to explore the possibility of an internship.

Doc. 12 at 10-11. These are clearly factual assertions addressing matters outside the pleadings which would require proper evidentiary support for consideration on a converted motion for summary judgment, *see* Fed. R. Civ. P. 12(b)(6) & 56(e), but in any event, are not proper for consideration on a motion to dismiss.

A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 46-47 (1957). Here, Plaintiff alleges that he, an African-American male, was not paid for an internship, while Caucasians, including Kristen Mercer, were paid "to perform the same job functions that Plaintiff performed" and that he was denied the opportunity to apply for a paid internship. Doc. 1, Attach. at 2. He further complains that Defendant "used different evaluations for Plaintiff and Caucasian co-workers who performed the same duties and worked the same number of hours as Plaintiff did." *Id*. In other words, Plaintiff was held to a different standard of performance than Caucasians, and he was terminated from teaching while "Caucasians had documented weaknesses as well and were allowed to continue teaching...." *Id*. at 3. This certainly states a set of facts "which would entitle him to relief." In this Court's view, Plaintiff's statement of his claims are sufficient to "give the defendant fair notice of what the plaintiff's claim[s] [are] and the grounds upon which [they] rest." *Conley*, 355 U.S. at 47. Though the Court has no doubt that Defendant has defenses to these allegations, such as those raised in its motion to dismiss and quoted above, those defenses are irrelevant on a motion to dismiss for failure to state a claim.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Amended Motion to Dismiss, Doc. 12, be **DENIED**, and this cause **REMANDED** for further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this __2nd__ day of August, 2005.

s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**