IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK A. CUMMINGS,

      Plaintiff,

v.                                      CASE NO. 1:04-cv-00430-SPM-AK

UNIVERSITY OF FLORIDA,

      Defendant.

_____/

## ORDER DENYING MOTIONS TO STOP DEPOSITIONS

      This matter is before the Court on Doc. 24, Motion to Stop Defendant From Taking Depositions of Witnesses From Florida's Department of Corrections, and Doc. 26, Motion to Stop Defendant from Taking Deposition of Plaintiff, by Kirk A. Cummings. In both motions, Plaintiff argues that Defendant has failed to comply with the Scheduling Order regarding the disclosure of witnesses and that it has failed to make initial disclosures as required by the Federal Rules of Civil Procedure. He also argues that Defendant has no legitimate reason to take the deposition of anyone employed by FDOC and that allowing Defendant to take his deposition "will pose an unfair advantage for Defendant because Defendant may be allowed access in information that lends such advantage." Doc. 26. In Plaintiff's view, Defendant can simply cross-examine him at trial.

Defendant has responded only to the first motion to stop, arguing that it should be denied for Plaintiff's failure to comply with the Court's local rules requiring (1) that counsel confer before filing such a motion and (2) that Plaintiff submit a memorandum of law with each motion. Doc. 25.

Having carefully considered the matter, the Court finds that neither motion to stop is well taken. Without dispute, Plaintiff did not confer with opposing counsel before filing these motions as required by N.D. Fla. Loc. R. 7.1(B). Plaintiff's failure to confer "in a good faith effort to resolve...the issues raised" is, in itself, sufficient reason to deny these motions.

When the motions themselves are considered, however, they are patently without merit. Defendant may certainly take the deposition of Plaintiff prior to trial during the discovery period, just as Plaintiff may take the deposition of Defendant. The purpose of discovery is to allow the parties to flesh out the relevant issues and facts before trial, so that there are no surprises when witnesses take the stand, thereby minimizing the potential for unfair advantage. Furthermore, Defendant may depose anyone it believes has relevant, discoverable evidence. Whether Defendant will be allowed to use that person or his deposition at trial if it has failed timely to disclose the witness's name as part of its initial disclosures is a matter separate and apart from its right to take the deposition in the first place. *See generally* Fed. R. Civ. P. 26 (a). Plaintiff has not moved to compel Defendant to make its initial disclosures, and though the Court is concerned about that allegation, it is not properly before the Court as a separate issue. *See* Fed. R. Civ. P. 37(a)(2)(A).

In any event, Defendant may proceed with the scheduled depositions. Plaintiff's motions to stop, Docs. 24 & 26, are **DENIED**.

**DONE AND ORDERED** this __4th__ day of January, 2006.

s/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**