IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK A. CUMMINGS,

       Plaintiff,

vs.                                   CASE NO. 1:04cv430-SPM/AK

UNIVERSITY OF FLORIDA,

       Defendant.

_____/

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT
ACCEPTING DEFENDANT'S SHOWING OF GOOD CAUSE AND
<u>SETTING TRIAL AND PRETRIAL PROCEDURES</u>**

Upon consideration, the Court accepts Defendant's response (doc. 57) to the Court's order to show cause. Plaintiff's motion (doc. 58) to hold Defendant in default as a sanction is denied. This case is ready to proceed to trial.

**A. TRIAL**

Trial will be held at the United States Courthouse in Gainesville, Florida. The date and time for trial will be established at the pretrial conference.

**B. PRETRIAL CONFERENCE**

A pretrial conference is scheduled for <u>1:30 pm. on Monday, April 7, 2008</u>, at the United States Courthouse in Gainesville, Florida.

       1.       The parties shall be prepared to act with final authority in the

resolution of all matters and to discuss the prospects of mediation and settlement.

2.     The parties shall also be prepared to discuss all other matters with a view towards simplifying the issues and bringing about a just, speedy and inexpensive determination of the case.

**C.     PRETRIAL STIPULATION**

Throughout the trial, it will be Plaintiff's responsibility, or "burden", to present evidence–either in the form of exhibits or witnesses to prove the facts in support of his claim.  To narrow the facts that must be proven at trial, Plaintiff and the attorney for Defendant shall correspond or otherwise communicate to discuss the possibility of settlement, which would eliminate the need for trial, and to stipulate to as many facts and issues of law as possible.  This communication between the parties shall occur <u>within the next fifteen days</u>.  On or before <u>March 21, 2008</u>, the parties shall submit a "Pretrial Stipulation" certifying all stipulated facts, i.e. facts which they can agree upon.  In other words, because in every case there are at least some facts which are not in dispute, the parties are required to communicate before the time of trial so as to produce a document explaining to the court those fundamental facts which will not be in dispute when trial occurs.

**D.     COPY OF EXHIBITS**

To the extent they have not done so already, on or before <u>March 7, 2008,</u> Plaintiff and counsel for Defendant shall furnish to the other a copy of the exhibits

each side intends to offer into evidence at the trial of this case.

### E. EXCLUSION FOR NON-COMPLIANCE

Failure to comply with the procedures for obtaining attendance of witnesses will result in the exclusion of the witnesses' testimony. The court is aware that a litigant may be precluded from presenting pertinent testimony because of the lack of necessary financial resources. Only Congress, however, has the power to appropriate funds for the payment of witness fees and travel expenses for witnesses whose testimony is sought by civil litigants. The matter is not one in this court's discretion. The court will not issue subpoenas for witnesses who cannot be compensated for their attendance. See Fed. R. Civ. P. 45(b)(1) and 28 U.S.C. § 1821.

### F. JURY INSTRUCTIONS

The parties shall discuss jury instructions and make every effort in good faith to agree upon a complete set of proposed instructions. All jury instructions to which the parties agree, along with a proposed verdict form, shall be filed in final form on or before March 21, 2008, together with the Pretrial Stipulation. If a party wishes to propose an instruction to which another party does not agree, the party proposing the instruction shall file the instruction separately along with a memorandum of law.

### G. RULES OF EVIDENCE

Finally, although this court can grant wide latitude in pro se pleadings, which are filed in the pre-trial stages of a lawsuit, Plaintiff will be bound to follow

all evidentiary rules once trial begins.  Plaintiff will therefore be required to examine, or cross-examine, every witness using the proper form of questioning under the Federal Rules of Evidence.  <u>See</u> Fed. R. Evid. 401-12, 701-06, 801-06.

SO ORDERED this 26th day of February, 2008.

<span style="font-family: cursive;">*s/ Stephan P. Mickle*</span>
Stephan P. Mickle
United States District Judge