Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK A. CUMMINGS,

    Plaintiff,

vs.                                      CASE NO.: 1:04cv430-SPM/AK

UNIVERSITY OF FLORIDA,

    Defendant
_____/

**ORDER**

Defendant filed a motion for summary judgment (doc. 73), to which Plaintiff filed a response (doc. 78). This order is entered to allow Plaintiff, who is proceeding *pro se*, an opportunity to submit additional materials if he so desires and to advise Plaintiff of his burden in opposing summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987) (citing Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985)). This requires the Court to give express ten day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; that is., the fact that final judgment may be

entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. See id. This Order is in compliance with Brown and Griffith.

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiff is advised that in opposing the motion for summary judgment, he is the nonmoving party, but as Plaintiff he bears the burden of proof a trial. To obtain summary judgment, Defendant need not negate every part of Plaintiff's claim. Defendant need only show "there is an absence of evidence to support [Plaintiff's] case or by showing that [Plaintiff] will be unable to prove its case at trial." Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004).

In opposition to summary judgment, Plaintiff must "present evidence from which a jury might return a verdict in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Put another way, Plaintiff has the burden of coming forward with evidence demonstrating a genuine issue of material fact for trial. An issue of fact is "material" if it might affect the outcome of the case under the governing law. Id. at 477. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Id. Thus, Plaintiff should be aware that "the mere existence of some alleged factual dispute between the parties

will not defeat" a summary judgment motion; the unresolved issues must be both material and genuine to warrant submission of a case to trial.  Id. at 247-48.

In opposing summary judgment, Plaintiff may not rely on the "mere allegation or denials" in the pleadings.  Id.  Evidentiary material acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  See Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  See id.

The Court must give at least ten days notice (not including weekends and holidays)[1].  Accordingly, the parties are hereby notified that the Court will take Defendant's motion for summary judgment under advisement on June 16, 2008.  The file will be referred to the undersigned Judge on June 17, 2008.

Plaintiff shall have up to and including June 16, 2008, to file affidavits or other material in opposition to the motion for summary judgment.  He need not file any further evidence and may rely upon materials previously submitted, but he is permitted to file materials by the deadline set forth by the Court.  Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The Court will take Defendant's motion for summary judgment under

---

[1] See Brown, 828 F.2d at 708.

advisement on June 16, 2008.  All parties must file any additional material in support of or opposition to summary judgment on or before that date.

    2.    The Clerk of Court is directed to return this file to the undersigned Judge on June 17, 2008.

    DONE AND ORDERED this 27th day of May, 2008.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    United States District Judge