IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK A. CUMMINGS,

    Plaintiff,

v.          CASE NO.: 1:04cv430-SPM/AK

UNIVERSITY OF FLORIDA,

    Defendant.

_____/

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on Defendant's motion for summary judgment. Doc. 73. Plaintiff, pro se, was advised of his burden in opposing summary judgment. Doc. 80. He submitted written arguments and additional materials in opposition, which the Court has fully considered. Docs. 78 and 81. For the following reasons, the Court will grant the motion for summary judgment.

    1.    Plaintiff was a volunteer intern at the University of Florida Career Resource Center ("CRC"). He received no pay or benefits for his services. Under the economic realities test adopted by the Eleventh Circuit, see <u>Cuddleback v. Fla. Bd. of Educ.</u>, 381 F.3d 1230, 1236 (11th Cir. 2004), Plaintiff was not an employee within the meaning of Title VII.

    2.    Plaintiff alleges that Defendant discriminated against him by failing

to hire him for a paid assistantship position and a position as a professional career counselor at CRC.

2.  CRC had two paid assistantship positions. One was funded by the College of Education and only available to students of that college. Plaintiff was not enrolled in the College of Education and therefore was not eligible for the position.

3.  The other position was filled on May 24, 2001, before Plaintiff applied on June 15, 2001.

4.  As for the professional career counseling position, Plaintiff has provided no evidence to rebut Defendant's position that the person hired, Kristen Mercer, was more qualified than Plaintiff. To state a prima facie case, Plaintiff is required to show that Ms. Mercer was equally or less qualified than Plaintiff. Underwood v. Perry County Comm'n, 431 F.3d 788, 794 (11th Cir. 2005). Plaintiff has not done so.

5.  Defendant cites to Plaintiff's poor performance as an intern as a legitimate, non-discriminatory reason for not considering Plaintiff for the professional career counseling position. Plaintiff has failed to rebut this reason or to otherwise raise a reasonable inference that Defendant failed to hire him because of his race.

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.  Defendant's motion for summary judgment (doc. 73) is granted.

2. The clerk shall enter judgment dismissing Plaintiff's case with prejudice.

DONE AND ORDERED this 30th day of September, 2008.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge

CASE NO.: 1:04cv430-SPM/AK